# Supreme Court Decisions.

---

## DIVIDENDS ON BALANCE OF CLAIM AFTER APPLICATION OF SECURITIES.

BUCKINGHAM, FOR HIMSELF AND CREDITORS OF THE SPRINGFIELD PROVISION CO., v. THE SPRINGFIELD BUILDING & LOAN ASSOCIATION AND MILLER, RECEIVER.

AND

BUCKINGHAM v. THE SPRINGFIELD BUILDING & LOAN ASSOCIATION AND MILLER, RECEIVER.

69 Ohio State—Decided, October 13, 1903.

[The syllabus in this case is the same as in *State National Bank* v. *Esterly, Receiver,* Ohio Law Reporter, page 595.—REPORTER.]

Error to the Circuit Court of Clark County.

The facts in case No. 8246, in substance, are as follows:

Upon the twenty-first day of June, 1901, the same day that the receiver was appointed, a proceeding was brought by William L. Buckingham, for the benefit of himself and all other creditors of the Springfield Provision Co., to assess and collect on the liability of the stockholders under the laws of Ohio. In this proceeding the building and loan association, on the eighth of October, 1901, set up its claim. A referee was appointed to ascertain the creditors of the corporation, and on the fourteenth of April, 1902, reported to the court allowing the claim of the building and loan association for $10,089.41, which report was confirmed, and judgment was rendered against each of the stockholders for the full amount of their stock liability, and Oliver H. Miller was appointed receiver to collect and distribute the money to be paid by the stockholders pursuant to the judgment of the court. In July, 1902, said receiver col-

lected a sufficient amount to pay a dividend of ten per cent., and on the seventeenth day of November was by the court ordered to pay a dividend of ten per cent. to all creditors exhibiting their claims, and in making such dividend, to pay the building and loan association ten per cent. upon the balance of its claim as the same existed after the application of the proceeds of the sale of the mortgaged property, to-wit, on the sum of $2,621.64, retaining $736.86, ten per cent., upon the amount so paid to the association for the further order of the court.

The question arises in case No. 8246 upon the distribution of this balance so reserved and upon the distribution of any future dividends from the stockholders' funds, as to whether a dividend should be paid upon the amount of the claim of the building and loan association as it stood at the time of the filing of the petition or upon the amount as it stands after the application of the proceeds of the mortgaged property.

The question raised in No. 8247 is whether or not a creditor of an insolvent corporation which is being settled in court, who has received a payment upon his claim from the sale by the receiver of securities held by such creditor, has a right to prove and receive a dividend upon the entire amount of his claim as it stood before the application of the securities, or is he entitled to receive a dividend only upon the balance that may remain due after the application of his security to the reduction of his debt.

The facts in case No. 8247 are, in substance, as follows:

On June 21, 1901, Oliver H. Miller was appointed by the court of common pleas receiver of the Springfield Provision Co., a corporation existing under the laws of Ohio, and said receiver on that day took possession of the property of said corporation. Said corporation was insolvent and indebted to the Springfield Building & Loan Association in the sum of $9,990.30, secured by mortgage upon the real estate of the corporation. On August 27, 1901, said association answered, setting up its claim. There was a large number of other creditors of said corporation. The receiver, under order of the court, sold the real estate upon which the association held its mortgage to said association, and on the tenth of June, 1902, paid the association the sum of $7,368.66, being the net proceeds of the mortgage sale, leaving a balance due the building and loan association of $2,621.64.

On July 16th, the receiver paid a ten per cent. dividend to the general creditors of the Springfield Provision Co., paying to the building and loan association ten per cent. on the balance due on its debt after the application of the proceeds of the mortgaged property, and retained for the further order of the court ten per cent. on the amount paid from the sale of the mortgaged property, being $736.86.

The cross-petitioners herein are creditors of the corporation. The question arises upon a proper distribution of the $736.86, and of any further dividends to be paid out of the general assets of the corporation, as to whether the association's claim should receive a dividend on the basis of $9,990.30, as it originally stood, or upon $2,621.64, as it stood after the application of the proceeds of the mortgaged property.

On these facts the court of common pleas held that the creditor of the insolvent corporation, the defendant in error, was entitled only to prove and receive dividends upon the balance of its claim after the application of the securities held by it, to-wit, the proceeds of the sale of the real estate covered by its mortgage. The circuit court, on appeal, held to the contrary; that is, in substance, that the defendant in error was entitled to a dividend on the full amount of its claim without being reduced by application of the amount received from the security.

The cases are here on error to reverse the judgments of the circuit court.

*Frank W. Geiger, Edwin S. Houck* and *John L. Plummer,* for plaintiff in error.

*M. T. Burnham* and *Bowman & Bowman,* for defendants in error.

PRICE, J.; BURKET, C. J., SPEAR and DAVIS, JJ., concur; SHAUCK, J., dissents.

As stated in the principal case, counsel for the parties in these cases were heard orally in the argument of *The State National Bank* v. *Esterly, Receiver,* just decided, and their briefs have been read and considered with the briefs in that case.

What we have said in *Bank* v. *Esterly, Receiver,* can well be applied to these cases, and further discussion of them is unnecessary.

The judgment of the circuit court in each case is reversed, and judgment is rendered in each case for plaintiff in error.

*Judgments reversed.*